UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAWN M. CLARK P.O.A. JAMES M. CLARK,

      Petitioner,

                       **Hon. Hugh B. Scott**

      v.                   06CV658

                         (CONSENT)

SUPERINTENDENT JOHN BURGE,         **Order**

      Respondent.

   Before the Court is respondent's motion to dismiss for failure to exhaust state court remedies (Docket No. 11) and petitioner's cross-motion for an evidentiary hearing (Docket No. 15). The parties consented to proceed before the undersigned as Magistrate Judge on February 22, 2007 (Docket No. 13).

## BACKGROUND

   Petitioner, attorney in fact James M. Clark for inmate Shawn M. Clark[1], filed this Petition for Habeas Corpus in the United States District Court for the Southern District of New York (Case No. 06-cv-06979, Docket No. 1, Pet.). The Petition does not allege any disability or incapacity on the inmate's part to allow for an attorney in fact to file for him, although there is a reference there to a mental evaluation under New York Criminal Procedure Law § 30.30 that was not performed and that petitioner objects to (Docket No. 1, Pet. at 5). James Clark signed the

---

[1] When necessary, this Order will distinguish between attorney in fact James Clark and inmate Shawn Clark. "Petitioner" when citing the Petition will refer only to inmate Shawn Clark.

Petition as power of attorney for inmate Shawn Clark, but the Petition was not verified by Shawn Clark, see 28 U.S.C. § 2242.

The Petition states that inmate Shawn Clark was convicted in Cattaraugus County Court for three counts of sodomy in the first degree and one count of endangering the welfare of a child, and petitioner was sentenced to three consecutive prison terms of 25 years on each sodomy count and a one-year term on the endangering count, to run concurrently with the sodomy convictions (Docket No. 11, Resp't Atty. Decl. ¶ 1; see Docket No. 1, Pet. at 1). The Petition raises several grounds for habeas relief, namely that the conviction was obtained through coerced confession and perjured testimony; petitioner was unlawfully arrested and the evidence obtained during that arrest was thus tainted; the conviction was obtained in violation of petitioner's right of self-incrimination; the prosecution failed to disclose favorable evidence; the grand jury that indicted petitioner was unconstitutionally selected and impaneled; petitioner was denied effective assistance of counsel; and petitioner was denied the right to appeal due to ineffectiveness of appellate counsel (Docket No. 1, Pet.).

The United States District Court for the Southern District of New York transferred this case to this Court (Docket Nos. 3, 4). Once here, petitioner moved for in forma pauperis status (Docket No. 6) but also paid the $5 filing fee; this motion was denied as moot (Docket No. 7).

After being granted an extension of time to file an Answer (Docket No. 10; see Docket No. 8), respondent moved to dismiss the Petition for failure to exhaust his state court remedies (mainly, by not appeal to the New York State Court of Appeals) (Docket No. 11). Petitioner (through his power of attorney) has cross-moved for an evidentiary hearing (Docket No. 15).

DISCUSSION

Petitioner here is "Shawn M. Clark, P.O.A. [Power of Attorney] James M. Clark." The attorney in fact is proceeding pro se on behalf of the inmate petitioner. While the record includes the power of attorney executed by the inmate (including the conduct of litigation for him), see Docket No. 11, Resp't Motion to Dismiss, Ex. C, Supp'al Pro Se Brief, at first unnumbered page), it is not clear why the power is needed or whether there is a capacity issue involving the inmate.

Respondent has moved to dismiss for failure to exhaust state court remedies (Docket No. 11). But the Court notes the issue of whether petitioner, the attorney in fact James Clark, has standing to proceed on behalf of the inmate. "Application for a writ of habeas corpus shall be in writing singed and verified by the person for whose relief it is intended or by someone acting in his behalf," 28 U.S.C. § 2242; see Weber v. Garza, 570 F.2d 511, 513 (5th Cir. 1978). A habeas Petition is an application on behalf of a person in custody, 28 U.S.C. § 2254. The right of one person to sue for habeas corpus relief to secure the release of another person exists only when the application for the writ sets forth some reason or explanation satisfactory to the Court showing why the detained person did not sign and verify and who the next friend is, Wilson v. Dixon, 256 F.2d 536, 537-38 (9th Cir. 1958) (one convict filing habeas petition for fellow inmate). "When the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition," Weber, supra, 570 F.2d at 514. Further, next friend status is not automatically given to whomever seeks to pursue habeas relief for another person, the next friend must provide an adequate explanation (such as inaccessibility, mental incompetence, or other disability) to justify the intervention, Whitmore v. Arkansas, 495 U.S.

149, 163 (1990) (capital habeas).  The burden is upon the party claiming next friend status to establish the propriety of this status and thus the Court's jurisdiction, id. at 164 (citation omitted).  Absent that proof, the purported next friend lacks standing and the Court lacks jurisdiction, id. at 166.  Courts have held that a father lacked standing in his son's habeas proceeding where there was no finding that the son was unable to prosecute that action, Weber, supra, 570 F.2d at 513; Arocho v. Camp Hill Correctional Facilities, 417 F. Supp. 2d 661 (M.D. Pa. 2005).

Another issue is, assuming the attorney in fact is allowed to proceed as the next friend of the inmate petitioner, whether an attorney in fact (such as James Clark here) can proceed pro se on behalf of a habeas petitioner.  A power of attorney does not allow that person to proceed pro se on behalf of their principal, see Mandeville v. Wertheimer, No. 01 Civ. 4469, 2002 WL 432689 (S.D.N.Y. Mar. 19, 2002) (Freeman, Mag. J.); see also Taylor v. Henderson, No. 99 Civ. 4941, 2002 WL 14423 (S.D.N.Y. Jan. 4, 2002) (Peck, Mag. J.) (citing Second Circuit cases).  The next friend status in a habeas proceeding cannot be used to end run the prohibition against unlicensed practice of law, see Weber, supra, 570 F.2d at 513.  This is similar to the context of parents suing on behalf of their infant children, see Fed. R. Civ. P. 17(b).  In those situations, the Second Circuit has held that the parents could not proceed pro se on behalf of their children, see Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 297 F.3d 195, 201 (2d Cir. 2002); Cheung v. Youth Orchestra Found., 906 F.2d 59, 61 (2d Cir. 1990); see also Prigden v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) ("Appearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity"). In the context of the legal disability being infancy, the Second Circuit has held that "The court has a

duty to enforce the Cheung rule sua sponte, for 'the infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him,'" Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (per curiam) (quoting, without internal quotations or citation, Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)).  This logic applies in the habeas context where a next friend is filing on the petitioner's behalf.

Petitioner's papers (the Petition itself, his supporting memorandum, Docket No. 2, and his cross-motion, Docket No. 15) are a jumble of copies of other documents, some annotated with notes (probably from the attorney in fact), justifying at least requiring an attorney of law be involved (either by the attorney in fact or petitioner retaining counsel or by Court appointment).  Petitioner has not moved for appointment of counsel.

Alternatively, respondent's motion suggests that petitioner has not exhausted his state court remedies, a prerequisite for federal habeas relief (see Docket No. 11).  Dismissal of this action would allow petitioner to exhaust his state court remedies.

Absent an allegation why petitioner Shawn Clark cannot file his Petition on his own, this Court lacks jurisdiction to hear this Petition and attorney in fact James Clark lacks standing to file it.

## CONCLUSION

For the reasons stated above, the Petition is **dismissed**.

So Ordered.

                                              /s/ Hugh B. Scott
                                              Honorable Hugh B. Scott
                                              United States Magistrate Judge

Dated: Buffalo, New York
       April 19, 2007